IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CR-18-82-D |
| ) | |
| JOSE LUIS HERNANDEZ-VELASCO, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Before the Court is Defendant Jose Luis Hernandez-Velasco's Motion to Withdraw Plea of Guilty [Doc. No. 26]. Defendant seeks relief from his guilty plea in order to file a motion to dismiss the Indictment based on an alleged defect in the government's case. The government has filed a response [Doc. No. 27] that opposes both the Motion and the proposed motion to dismiss, and Defendant has filed a reply brief [Doc. No. 30]. For reasons that follow, the Court finds that no hearing is needed and the Motion should be denied on the existing record.[1]

### **Factual and Procedural Background**

Defendant entered a guilty plea on May 21, 2018, to a one-count Indictment that charged him with being a nonresident alien found in the United States without authorization after having previously been removed, in violation of 8 U.S.C. § 1326(a). Defendant is

---

[1] "Generally speaking, an evidentiary hearing is not required unless the requesting party shows that he will produce relevant evidence." *United States v. Sandoval*, 390 F.3d 1294, 1301 (10th Cir. 2004).

currently awaiting a sentencing hearing. By the instant Motion, Defendant asks to withdraw his guilty plea so he may move to dismiss the Indictment based on a defense suggested by *Pereira v. Sessions*, 138 S. Ct. 2015 (2018), which was decided after he pleaded guilty. A copy of the proposed motion for dismissal is attached as Exhibit 1 [Doc. No. 26-1].

Defendant wishes to move for dismissal of the Indictment on the ground that the government cannot prove an essential element of its case because the prior removal proceeding was void under *Pereira*. Specifically, Defendant asserts that the removal order in his immigration case was invalid because it was issued by an immigration judge who lacked jurisdiction due to a defective "Order to Show Cause and Notice of Hearing," which did not set a time or place for his removal hearing. The Supreme Court decided in an administrative context in *Pereira* that a similarly flawed notice was insufficient.[2] The Court held that "[a] notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a).'" *Pereira*, 138 S. Ct. at 2110.

Defendant believes the holding of *Pereira* has a broader impact due to subsequent decisions of immigration law judges who have terminated administrative cases based on defective notices to appear, and the decision of a federal district court in *United States v. Virgen-Ponce*, 320 F. Supp. 3d 1164 (E.D. Wash. 2018). Defendant would ask this Court

---

[2] The original deportation or removal order for Defendant was issued in 1993 under statutes and regulations different from the ones now in effect. Defendant argues by analogy to a form document comparable to the "notice to appear" at issue in *Pereira*.

to follow the district judge in *Virgen-Ponce*, and hold that a removal proceeding based on an invalid notice to appear is void and will not support a conviction under § 1326(a). While other district courts have adopted this view, at least three judges of this Court (including the undersigned) have rejected it. *See United States v. Ibarra-Rodriguez*, Case No. CR-18-190-M, 2018 WL 4608503, \*2 (W.D. Okla. Sept. 25, 2018) (defective notice was cured); *United States v. Munoz-Alvarado*, Case No. CR-18-171-C, 2018 WL 4762134, \*1 (W.D. Okla. Oct. 2, 2018) (defendant voluntarily waived notice); *United States v. Briones-Herrera*, Case No. CR-18-214-D, 2018 WL 5315211, \*3 (W.D. Okla. Oct. 26, 2018) (same).

**Standard of Decision**

"A defendant may withdraw a plea of guilty . . . after the court accepts a plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Under this rule, "it is within the sound discretion of the district court to determine what circumstances justify granting such a motion." *United States v. Guthrie*, 64 F.3d 1510, 1513 (10th Cir. 1995) (internal quotations omitted); *see United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007). Factors to be considered "when determining whether a defendant has established a fair and just reason for the withdrawal of a guilty plea pursuant to Rule 11(d)(2)(B) are as follows: (1) assertion of innocence, (2) prejudice to the government, (3) whether the defendant delayed filing the motion to withdraw the plea, (4) inconvenience to the court, (5) the quality of counsel during the plea, (6) whether the plea was knowing and voluntary, and (7) waste of judicial resources." *United States v. Romero*, 360 F.3d 1248, 1253 (10th Cir.

2004); *see Hamilton*, 510 F.3d at 1213; *United States v. Yazzie*, 407 F.3d 1139, 1142 (10th Cir. 2005); *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000).

## Analysis

Both parties address only the first factor above, Defendant's assertion of innocence. Defendant contends his proposed motion to dismiss shows he has an "absolute defense to the Indictment" under *Pereira*. *See* Mot. Withdraw Guilty Plea at 2. The government devotes the entirety of its response brief to addressing the merits of Defendant's proposed motion to dismiss. The Court thus understands the government's position to be that Defendant's Motion to Withdraw should be granted if the Court determines he is likely to succeed on the defense asserted in his Motion to Dismiss Indictment [Doc. No. 26-1].

### Defendant's Motion to Dismiss

Defendant would move for a determination as a matter of law that the government cannot prove the offense charged in the Indictment. Both parties propose that the Court consider facts shown by the administrative record in the immigration case underlying Defendant's alleged violation of § 1326(a). Defendant argues that he was not validly removed from the United States but, instead, was the subject of a void removal order because it was based on a fatally defective notice to appear, according to the Supreme Court's decision in *Pereira*. Relying on a federal regulation, 8 C.F.R. § 1003.14(a), Defendant argues that a notice to appear serves as a charging document in an immigration case and creates jurisdiction and, thus, the defective notice deprived the immigration judge of subject matter jurisdiction and rendered the removal proceeding and the resulting order void.

4

The government disagrees with Defendant's legal argument but not with the factual basis of his Motion. The government admits Defendant's notice was defective under *Pereira*, but denies that the defect implicates the immigration judge's subject matter jurisdiction. The government argues that a notice to appear operates like service of process to establish personal jurisdiction, which can be waived. The government submits documents to show the defect in Defendant's initial notice was cured because he actually appeared for his deportation hearing and then, after being advised of his rights, waived review of the final order of deportation. *See* Resp. Br., Ex. 3 [Doc. No. 27-3]. After his original deportation in June 1993, Defendant did not contest his removal from the United States on numerous occasions by reinstatement of the original deportation order in January 2000, November 2005, August 2007, and February 2012. *See id.* Exs. 5, 6, 7, & 8 Notices of Intent/Decisions to Reinstate Prior Order [Doc. Nos. 27-5 to 27-8].[3]

As an element of the offense charged in the Indictment, the government must prove that Defendant "has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding." *See* 8 U.S.C. § 1326(a); *see also United States v. Adame-Orozco*, 607 F.3d 647, 651 (10th Cir. 2010). The statute defining the offense also provides a defense to the charge. Defendant may mount a collateral attack on the underlying deportation or removal under the circumstances provided by § 1326(d), by demonstrating:

1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

---

[3] Further, on three other occasions in 2006, 2009, and 2016, Defendant was convicted of § 1326(a) offenses; he also did not challenge the original deportation order in these criminal cases.

5

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d); *see Adame-Orozco*, 607 F.3d at 651. Fundamental unfairness requires a showing of prejudice, that is, a "reasonable likelihood that, but for the errors complained of, [the alien] would not have been deported." *See United States v. Aguirre-Tello*, 353 F.3d 1199, 1208 (10th Cir. 2004) (en banc). Tenth Circuit law holds that "once the government shows that [a defendant-alien] was deported," the defendant bears the burden to "prove each of § 1326(d)'s elements to overcome the presumed legality of the earlier deportation order." *Adame-Orozco*, 607 F.3d at 651 (citing *United States v. Arevalo-Tavares*, 210 F.3d 1198, 1200 (10th Cir. 2000) (per curiam)).

In this case, Defendant proposes to challenge the presumed legality of the removal order in his immigration case solely by showing he received a defective notice to appear. Defendant does not provide any facts to establish that he attempted to (or did) utilize administrative remedies to seek relief from the order, that he was deprived of the opportunity for judicial review of the order, or that entry of the order was fundamentally unfair and prejudicial. To the contrary, the government submits documents to show – and Defendant does not dispute – that he appeared for his deportation hearing, waived his right to appeal the deportation order, and did not object on other occasions to being removed from the United States under the original order.[4] Under these circumstances, the Court

---

[4] Defendant does not raise any issue as to whether his waiver was knowing and voluntary.

finds that the defect in Defendant's notice to appear provides an insufficient basis to invalidate the removal order under § 1326(d).

Defendant asserts that the requirements of § 1326(d) are inapplicable or satisfied because the removal order was void due to a jurisdictional defect. *See* Mot. Dismiss at 5 (arguing he "was exempted" from administrative exhaustion requirement); Def.'s Reply Br. at 5 (arguing all requirements "are met because the underlying order is a legal nullity"). Defendant bases his assertion on the position (stated by the district court in *Virgen-Ponce*, 320 F. Supp. 3d at 1166) that a sufficient notice to appear is required to establish subject matter jurisdiction, and so cannot be waived. Regardless of the correctness of this view, Defendant does not explain why the alleged defect could not have been raised in further administrative proceedings or by a petition for judicial review. Defendant was not deprived of the opportunity for review of his deportation order; he simply elected to forego that opportunity. Accordingly, the Court is not persuaded by Defendant's arguments regarding § 1326(d).

**Conclusion**

For these reasons, and because Defendant has not identified any other factor that might warrant an exercise of discretion under Rule 32(e), the Court finds that Defendant has failed to establish a fair and just reason to withdraw his guilty plea and his Motion should be denied.

IT IS THEREFORE ORDERED that Defendant's Motion to Withdraw Guilty Plea [Doc. No. 26] is DENIED.

IT IS SO ORDERED this 30th day of October, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE